IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAROL LEA GROGAN., §<br>Plaintiff, §<br>§<br>v. §   Case No. 3:18-cv-1799-S-BT<br>§<br>ARLINGTON I.S.D., §<br>Defendant. §<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

*Pro se* Plaintiff Carol Lea Grogan filed her Complaint in this civil action against Defendant Arlington Independent School District on July 12, 2018. Compl. (ECF No. 3). Because Plaintiff has not served her lawsuit on Defendant, the District Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service ***and*** (2) good cause for the Court to extend the time for service for an appropriate

1

period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders)."A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte,* for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.,* 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for [her] failure to effect service in compliance with the rules." *Id.* (citing *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir. 1988)).

Here, Plaintiff paid the statutory filing fee and is, therefore, responsible for properly serving Defendant with a summons and complaint in accordance with Federal Rule of Civil Procedure 4. Plaintiff filed her Complaint more than 90 days ago and has not filed proof of service with the Court. Accordingly, the District Court should DISMISS Plaintiff's Complaint against Defendant without prejudice. If Plaintiff files a valid return of service as to Defendant or shows good cause in a written filing with the Court before the deadline for objecting to these findings, conclusions, and recommendation expires, the undersigned will withdraw the findings, conclusions, and recommendation and take further appropriate action as to Defendant.

**SO RECOMMENDED.**

July 30, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).